IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN G. WESTINE,

        Petitioner,

    vs.

UNITED STATES PAROLE COMMISSION,

        Respondent.

CIVIL ACTION
No. 10-3188-RDR

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in federal custody and incarcerated at the United States Penitentiary, Leavenworth, Kansas.

**Background**

In July 1990, petitioner was sentenced in the United States District Court for the Central District of California to one year in prison for failing to file a tax return and five years for income tax evasion.[1]  The court ordered him to serve the first 90 days of the five-year sentence.  The balance of the sentence was suspended, and petitioner was placed on probation for five years.  The petitioner was ordered to serve 60 days of

---

[1] Doc. 10, Attach. 1, Ex. A.

the one-year sentence, to be served on weekends following his release from the 90-day period in confinement. *Id*.

However, petitioner failed to report for service of his sentence and was a fugitive until he was arrested in Canada. *See United States v. Westine*, 5 F.3d 544, 1993 WL 337540, *1 (9th Cir. 1993). Thereafter, petitioner was returned to the United States and served the terms imposed in 1990. *See Westine v. U.S. Parole Comm'n*, 2006 WL 3075844, *1 (S.D. Ill., Oct. 27, 2006).[2]

In April 1991, petitioner was sentenced in the U.S. District Court for the Central District of California to a prison term of 21 months with a 3-year period of supervised release for failure to surrender for service of his sentences.[3]

While serving these sentences, petitioner was convicted of fraud charges in the U.S. District Court for the Southern District of Ohio and was sentenced to 235 months imprisonment.[4]

In September 1993, the U.S. District Court for the Central District of California revoked petitioner's probation term and sentenced him to a term of six years, to be served consecutively

---

[2]Doc. 10, Attach. 3.

[3]Doc. 1, Attach. 1, Ex. B.

[4]*Id*.

2

to his 235-month sentence.[5]

Petitioner will be eligible for parole following the service of one-third of the terms for which he was sentenced. 18 U.S.C. § 4205(a). The Bureau of Prisons has calculated petitioner's eligibility date as July 29, 2011.[6]

Petitioner's initial parole hearing was scheduled for March 2011.[7]

## Discussion

Petitioner claims he is illegally incarcerated, and he contends (1) the United States Parole Commission (USPC) may consider only his "old law" offenses in considering his release on parole and that his criminal history that is more than 10 years old cannot be considered by the USPC; (2) his six-year probation violation sentence is illegal because he completed the underlying terms; and (3) the USPC improperly delayed his initial hearing, because he was entitled to such a review after completing the Bureau of Prisons' Residential Drug Abuse Program (RDAP).

---

[5] Attach. 1, Ex. C.

[6] Attach. 1, Ex. B.

[7] Attach. 1, Ex. D.

3

*Claims properly before the USPC*

Respondent claims petitioner's assertion that the USPC may consider only his "old law" offenses, that is, those committed in 1984 and 1985, prior to the passage of the federal sentencing guidelines, is premature and should not be considered by the court.

In support, respondent states that petitioner should address this point at his parole hearing rather than requesting a decision from the court at this time. Respondent states that following petitioner's parole hearing, the USPC will have 21 days to issue a notice of action containing its decision. 18 U.S.C. § 4206(b). Petitioner may choose to appeal that decision to the USPC's National Appeals Board, and the decision by that body will complete the exhaustion of administrative remedies. 18 U.S.C. § 4215 and 28 C.F.R. § 2.26.

The court agrees that there is no basis to consider petitioner's claim for habeas corpus prior to the completion of the administrative hearing and, if necessary, administrative appeals. Generally, a petitioner seeking habeas corpus relief should first exhaust administrative remedies, even when no statute mandates such exhaustion. *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992). The benefits of requiring such non-jurisdictional exhaustion include allowing the parties and courts the

full measure of agency expertise and the development of a record that facilitates judicial review. *See Avocados Plus Inc. v. Veneman*, 370 F.3d 1243, 1247 (D.C.Cir. 2004).

Thus, federal prisoners must exhaust administrative remedies before commencing a petition pursuant to §2241. *Williams v. O'Brien,* 792 F.2d 986, 987 (10th Cir.1986); *see also Owens-El v. Pugh*, 16 Fed. Appx. 881, 883 (10th Cir. 2001)(because exhibits showed petitioner had exhausted administrative remedies before USPC, court could consider his petition under § 2241).

The exhaustion of administrative remedies may be excused when "the interests of the individual in retaining prompt access to a federal judicial forum" outweigh the interests of the agency in protecting its own authority. *McCarty, id.* at 146.

Here, however, petitioner essentially requests an advisory ruling from the court concerning what information the USPC may consider. The court agrees the claim is not ripe for review and will dismiss it without prejudice.

*Petitioner's probation sentence*

Petitioner contends his probation violation sentence, imposed by the U.S. District Court for the Central District of California, is illegal. He argues he was never on probation.

Respondent argues this claim is a challenge to the validity of petitioner's sentence, and, as such, should be brought

pursuant to 28 U.S.C. § 2255.

The distinction between the remedies provided under § 2241 and § 2255 is well-established. "A petition under ... § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story,* 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention and must be filed in the district that imposed the sentence." *Id.* (citations omitted).

"A federal prisoner may file a §2241 application to challenge the legality of his conviction under the limited circumstances provided in the so-called savings clause of §2255. Pursuant to this savings clause, a § 2241 [application] may be appropriate if the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [an applicant's] detention." *Brace v. United States,* --- F.3d ----, 2011 WL 915178 *2 (10th Cir. Mar. 15, 2011)(citing 28 U.S.C. § 2255(e); *Bradshaw,* 86 F.3d at 166). A finding that § 2255 is an inadequate remedy, however, is likely to be a rare occurrence. See *Caravalho v. Pugh,* 177 F.3d 1177, 1178 (10th Cir. 1999)(remedy under § 2255 is inadequate or ineffective only in "extremely limited circumstances.").

Respondent also points to four prior, unsuccessful attempts

6

by the petitioner to pursue this claim under § 2241, and a June 2010 decision in the U.S. District Court for the Central District of California rejecting petitioner's motion under §2255 and describing him as a "vexatious litigant"[8].

Having considered the record, the court agrees petitioner's claim is not properly before this court. The claim that his sentence is illegal is properly presented in a § 2255 motion filed in the sentencing court, and the petitioner has used that remedy, albeit without success. The fact that petitioner did not obtain relief in that motion does not establish that the remedy under § 2255 is inadequate or ineffective. *See Williams v. U.S.*, 323 F.2d 672, 673 (10th Cir. 1963). Finally, it is apparent that petitioner has sought relief on this claim under § 2241 on prior occasions. The present attempt is repetitious and abusive.

*Delay in conducting parole hearing*

Petitioner claims he was entitled to a parole hearing upon his completion of RDAP and that the USPC improperly delayed his initial parole hearing.

Pursuant to 18 U.S.C. § 4205(a), petitioner is eligible for parole upon the completion of one-third of his sentence. His

---

[8] Doc. 10, Attach. 1, Ex. G.

eligibility date, as computed by the Bureau of Prisons (BOP) is July 29, 2011.[9] The initial parole hearing for a federal prisoner eligible for parole under that provision ordinarily "shall be held not later than thirty days before the date of such eligibility for parole." 18 U.S.C. § 4208(a).

The USPC's regulation concerning the initial parole hearing provides:

> An initial hearing shall be conducted within 120 days of a prisoner's arrival at a federal institution or as soon thereafter as practicable; except that in a case of a prisoner with a minimum term of parole eligibility of ten years or more, the initial hearing will be conducted nine months prior to the completion of such a minimum term, or as soon thereafter as practicable. 28 C.F.R. § 2.12(a).

Here, petitioner falls within the category of those required to serve a minimum term of ten years or more. He was initially placed on the September 2010 docket, but was removed to the December 2010 docket to bring him within the nine month range.[10] However, after the USPC conducted a pre-review of his case, it determined additional time was needed for victim notification.[11] As noted, petitioner was placed on the March

---

[9]Doc. 10, Attach. 1, Ex. B at 5.

[10]Doc. 10, Attach. 1, Ex. D.

[11]
Petitioner was convicted in the U.S. District Court for the Southern District of Ohio of all counts in a thirty-six count indictment that included thirty-one counts of

8

2011 docket.

While the timing of petitioner's initial hearing does not fall within the nine-month window prescribed by the regulation, the regulation clearly allows for adjustments according to circumstances, and the present scenario is supported by a reasonable explanation, namely, the need to notify a potentially large group of victims.

Likewise, as respondent points out, petitioner has not suggested any prejudice he suffered as a result in the rescheduling of the hearing. The Tenth Circuit has determined that "delay [of a parole revocation hearing], per se, does not constitute a violation of due process ... where the parolee has finally been afforded the revocation hearing and the facts have been fairly adjudicated." *McNeal v. United States*, 553 F.2d 66, 68 (10th Cir. 1977). Rather, "the delay, taking into consideration all the circumstances, must also be prejudicial." *Id*. *See also Paul v. McFadin,* 117 F.3d 1428 (10th Cir.1997) (unpublished)(compiling cases requiring showing of prejudice resulting from delay in parole revocation hearing). It appears petitioner now has been afforded the hearing and there is no basis for any

---

interstate transportation of property taken by fraud, two counts of mail fraud, one count of wire fraud, and one count of money laundering. The proceeds of this scheme were valued at $3.4 million. *U.S. v. Westine*, 21 F.3d 429, *1 (6th Cir. 1994).

relief on this ground.

Finally, the court has identified no authority in support of petitioner's assertion that he was entitled to consideration for parole upon his completion of RDAP. Rather, this matter is governed by 18 U.S.C. § 4205(a).

**Conclusion**

For the reasons set forth, the court concludes petitioner is not entitled to relief. To the extent petitioner challenges the validity of a criminal sentence, that sentence must be challenged in the sentencing court by a motion pursuant to 28 U.S.C. § 2255. Petitioner's initial parole hearing was scheduled within a reasonable time, and petitioner has shown no prejudice from the brief delay in scheduling that was attributable the need for victim notification. Finally, to the extent petitioner seeks to limit the material that may be considered by the U.S. Parole Commission, that challenge is premature and is denied without prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is denied.

IT IS FURTHER ORDERED petitioner's motion for documentation (Doc. 11) and motion for judgment on the pleadings (Doc. 13) are denied.

Copies of this Memorandum and Order shall be transmitted to

the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 8th day of April 2011.

>                             S/ Richard D. Rogers
>                             RICHARD D. ROGERS
>                             United States Senior District Judge